UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RONALD LAMONT DAVIS,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 2:18-cv-6

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Michigan Department of Corrections. The Court will serve the complaint against Defendants Duncan MacLaren, Chris Mortensen, and Unknown Mansfield.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Michigan Department of Corrections, Warden Duncan MacLaren, Prison Counselor Chris Mortensen, and Resident Unit Manager Unknown Mansfield.

Plaintiff alleges that he is a Sunni Muslim and is required to perform five daily Salats, or ritual prayers. During the Salats, Plaintiff must face Makkah [Mecca] and variously stand, bow, and prostrate himself while reciting certain prayers. Plaintiff claims that he the space in the shared cells is inadequate and that his cellmates are annoyed by the amount of space Plaintiff requires to perform the Salats. Consequently, Plaintiff has been repeatedly threatened, abused, and physically assaulted by other prisoners while trying to perform the Salats. Plaintiff states that he is unable to ward off attacks or to defend himself because of his deteriorating health.

On August 15, 2017, Plaintiff spoke to Defendant MacLaren and informed him of his inability to perform Salats in his cubicle or in the housing unit. Plaintiff explained that even when he was standing in front of his own bunk, performing the Salat forced Plaintiff to infringe on his roommates' space by blocking the bunks. Plaintiff further explained that his roommates continually interrupted his Salats when they bumped into Plaintiff, stepped over him, or forced him to stop praying to move out of the way. Defendant MacLaren told Plaintiff that he was not going to address his concerns because they were religious in nature, and that religion was not one of Defendant MacLaren's concerns.

On August 16, 2017, Plaintiff spoke to Defendant Mortensen and informed him of his inability to perform Salats because of the lack of a safe space for such worship. Plaintiff asked to be moved, or for permission to make his Salat in the unit quiet room or in the lobby next to the officers' desk. Defendant Mortensen told Plaintiff that he would investigate the matter and find out what could be done. On August 21, 2017, Defendant Mortensen told Plaintiff that he had spoken with Defendant Mansfield and that they both agreed that Plaintiff's inability to make his daily prayers was not a valid problem. Defendant Mortensen told Plaintiff that if he wanted to pray, he should do it on his bunk. When Plaintiff explained that he could not do a proper Salat on his bunk, Defendant Mortensen told Plaintiff to either work it out with his roommates or to change his religion. Plaintiff continues to be unable to perform Salat in the manner required by his religious beliefs without risking physical assault at the hands of his roommates.

Plaintiff asserts a violation of his rights under the First and Eighth Amendments. Plaintiff seeks declaratory and injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332,

341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

The Court concludes that Plaintiff's First and Eighth Amendment claims against the remaining Defendants are not clearly frivolous and may not be dismissed on initial review. Therefore, the Court will serve the complaint on Defendants MacLaren, Mortensen, and Mansfield.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Duncan MacLaren, Chris Mortensen, and Unknown Mansfield.

An Order consistent with this Opinion will be entered.

Dated: May 11, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge