UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RONALD LAMONT DAVIS, #223815,<br>　　　　　Plaintiff,<br><br>-v-<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS,<br>et al.,<br>　　　　　Defendants. | No. 2:18-cv-6<br><br>Honorable Paul L. Maloney |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought pro se by a state prisoner under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1(a). On August 12, 2019, United States Magistrate Judge Maarten Vermaat issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment (ECF No. 32) and deny Plaintiff's motion for summary judgment (ECF No. 20; R&R ECF No. 41). This matter is now before the Court on Plaintiff's objections to the R&R (ECF No. 42). For the reasons to be discussed, the Court will overrule all objections and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Plaintiff first objects to the magistrate judge's "refus[al] to enforce" Local Rule 7.1(b) against Defendants. The rule provides, in relevant part: "When allegations of facts not appearing of record are relied upon in support of or in opposition to any motion, all affidavits or other documents relied upon to establish such facts shall *accompany the motion.*" W.D.Mich LCivR 7.1(b) (emphasis added). Plaintiff argues that because Defendants submitted their motion for summary judgment on December 28, 2018 (ECF No. 32) but did not submit three supporting affidavits until January 4, 2019 (ECF No. 35), Defendants have not complied with the court rule because the affidavits did not accompany the motion. The magistrate judge addressed this issue and declined to take "such a strict approach" to the rule

2

(ECF No. 41 at 4 n. 1, PageID.373). This Court agrees with the magistrate judge. True, Defendants did not file the affidavits and the motion contemporaneously. However, Plaintiff had adequate notice of the affidavits' content because the affidavits were quoted in Defendants' brief. Further, after Defendants filed the supporting affidavits, Plaintiff had an adequate opportunity to respond: Plaintiff filed a supplemental brief referencing the offending affidavits, which the R&R considered (ECF No. 38). Plaintiff was not prejudiced by the late-filed affidavits and there has been no error. Accordingly, this Court also declines to take the strict approach to the rule requested by Plaintiff, and this objection is overruled.

Plaintiff next objects to the magistrate judge's finding that he failed to exhaust his available administrative remedies on his Eighth Amendment Failure to Protect claim. The parties have agreed that only one grievance is relevant, and that Plaintiff fully pursued that grievance. The parties disagree about whether the grievance provided prison officials with notice of a failure to protect claim; the R&R found that it did not (ECF No. 41 at 11-12, PageID.380-81).

Plaintiff's objection argues that his grievance put Defendants on notice of the failure to protect claim because it included the word "conflict," and because it included a threat that Plaintiff would start fights with other prisoners if his prayers continued to be interrupted. In Plaintiff's view, these facts gave notice that he was at a serious risk of being harmed and that he needed protection from prison officials. The Court disagrees. A review of Plaintiff's grievance finds no mention of physical harm, injury, or danger to Plaintiff, nor does it find even threats of harm, injury, or danger. Plaintiff's allegation that there was "conflict" in his cubicle does not put prison officials on notice of a serious risk of harm, particularly when

3

read in context: Plaintiff explains that "conflict" is created when he is in the way of other prisoners getting on or off their bunks or using their lockers. He does not elaborate further. There is not a clear indication that this conflict is physical, nor is there an allegation that he was ever harmed as a result of these conflicts. Moreover, Plaintiff's threat that he would start fights does not establish that Plaintiff was at a substantial risk of harm; to the contrary, it shows that Plaintiff was willing to create harm for himself. Plaintiff's grievance does not show that he was at a substantial risk of harm, and it did not put prison officials on notice of an Eighth Amendment failure to protect claim. The R&R correctly found that Plaintiff failed to exhaust his administrative remedies. This objection is overruled.

Plaintiff also argues that Defendants have not met their burden of proof on this issue. This objection is meritless. To determine whether Plaintiff exhausted his administrative remedies, this Court must review the grievance itself. Defendants have produced the grievance. There is no additional proof Defendants could present because the grievance process is the administrative remedy that must be exhausted. *See Jones v. Bock*, 549 U.S. 199 at 218-19 (2007). Defendants have carried their burden of proof on this issue, and as discussed above, no questions of material fact remain regarding exhaustion of administrative remedies. Therefore, this objection is overruled.

Plaintiff next argues that the denial of "his right to physically practice" his religion should be construed as a physical injury for his Eighth Amendment claim. This argument is cursory, and Plaintiff cites no law in support of his position. Therefore, this Court need not consider the argument. *See Mira*, 806 F.2d at 637. Regardless, this Court declines to construe plaintiff's allegations as physical injury: Plaintiff has not provided proof of a single physical

altercation or threat of danger, let alone a substantial risk of harm to his person. The interference with his physical practice of religion does not amount to a substantial risk of harm. Therefore, this objection is overruled.

Plaintiff next argues that the R&R's conclusions go against the great weight of the evidence. Plaintiff focuses on his First Amendment claim, arguing that he has created a question of fact regarding the fourth *Turner*[1] factor in the analysis of Plaintiff's First Amendment claim: whether there exist readily available alternatives that would accommodate Plaintiff's needs at de minimis costs to valid penological interests. *Turner*, 482 U.S. at 90-91. In Plaintiff's view, he has presented two simple alternatives: relocating him to a different cubicle or allowing him to pray in the hallway. Plaintiff summarily states these options in one paragraph in his complaint (ECF No. 1 at ¶ 32, PageID.15). In support of his motion for summary judgment, Plaintiff states that "other prisoners at the same prison facility (i.e. KCF) are being provided with accommodations . . . to perform their obligatory [prayers]" and cites to two affidavits from other prisoners that describe the options (ECF No. 21 at 16-17, PageID.88-89). Plaintiff has identified these options, but his arguments are cursory at best.

As the R&R recognizes, Plaintiff seems to set out readily available alternatives. However, Defendants have provided evidence showing that the prisoner who was relocated was not relocated for the sole purpose of performing his prayers, and that the prisoners praying in the hallway were violating prison rules (ECF No. 35-1, PageID.321). Thus, neither

---

[1] *Turner v. Safley*, 482 U.S. 78 (1987).

relocation nor praying in the hallway are readily available alternatives. Plaintiff does not present any additional evidence or elaborate on this argument in his responses to Defendants' motion for summary judgment (ECF Nos. 37, 38). Plaintiff has identified possible options, but he has not carried his burden of proof by showing that they are readily available. Accordingly, the R&R's conclusion that Plaintiff failed to present any viable alternatives is not erroneous. This objection is overruled.

Plaintiff continues by arguing that the Defendants are not entitled to qualified immunity. Plaintiff's argument here relies on the analysis of the previous objection, which was overruled: the Court agrees with the magistrate judge's *Turner* analysis and conclusion that there was no First Amendment violation. Without a Constitutional violation, Defendants receive qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). This objection is overruled.

Finally, plaintiff argues that his RLUIPA claim cannot be deemed moot because it is "not directed at any specific prison," it is directed at the MDOC generally. This is contradicted by both the procedural posture of this case and caselaw. First, all claims against the MDOC were dismissed on May 11, 2018, (ECF No. 6), so Plaintiff's remaining RLUIPA claim is against the individual Defendants, not the MDOC generally. Further, the Sixth Circuit has held that a prisoner cannot seek declaratory or injunctive relief against prison officials at a certain facility once he is transferred out of the facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff was transferred out of the Kinross Correctional Facility on February 14, 2019 (ECF No. 39), so he cannot continue to seek relief against

Kinross employees. The R&R correctly determined that Plaintiff's RLUIPA claim is moot; this objection is overruled.

## Order

This Court finds no error in the R&R, and accordingly,

**IT IS ORDERED** that the August 12, 2019 R&R (ECF No. 41) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 42) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 32) is **GRANTED**.

**JUDGMENT TO FOLLOW**.

Date: September 26, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge